# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

| | |
|---|---|
| **MARIAH GRIFFIN**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**LEE MEMORIAL HEALTH SYSTEM**,<br><br>Defendant. | CIVIL ACTION<br><br>Case No. 2:21-cv-051<br><br>Judge:<br><br>Mag. Judge: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **MARIAH GRIFFIN** ("**GRIFFIN**" or Plaintiff), by and through undersigned counsel, and states the following for her Complaint:

## CAUSES OF ACTION

1. This is an action brought under the Pregnancy Discrimination Act (PDA) and Florida Civil Rights Act (FCRA) for (1) pregnancy discrimination in violation of the PDA, and (2) pregnancy discrimination in violation of the FCRA.

## PARTIES

2. The Plaintiff, **MARIAH GRIFFIN** ("**GRIFFIN**") is an individual and a resident of Florida who at all material times was employed by the Defendant.

3. Defendant, **LEE MEMORIAL HEALTH SYSTEM** ("**LMHS**" or "Defendant") is engaged in the business of operating hospitals in southwest

1

Florida, and has a principal place of business at 9800 South Healthpark Drive, Fort Myers, Florida 33908. The Defendant employed **GRIFFIN**.

4. The Defendant employs in excess of 15 employees and is an employer under the PDA and FCRA.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this matter under 28 U.S.C. §1331.

6. This Court has supplemental jurisdiction over **GRIFFIN**'s state law claims pursuant to 28 U.S.C. §1367.

7. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff was employed in Lee County, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since Lee County is within the Fort Myers Division.

8. **GRIFFIN** timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission (EEOC) and received her Notice of Right to Sue on November 24, 2020, a true and accurate copy of which is attached as Exhibit 1.

## GENERAL ALLEGATIONS

9. **GRIFFIN** began her employment with the Defendant in September 2019 and was employed as a phlebotomist.

10. **GRIFFIN** always performed her assigned duties in a professional manner and was very well qualified for her position despite her pregnancy.

11. **GRIFFIN** received great performance reviews from Defendant's managers- that is until she disclosed her pregnancy.

12. In October 2019, **GRIFFIN** suffered a miscarriage and her supervisor immediately extended her probation by an additional 90-days without further explanation.

13. **GRIFFIN**'s employment thereafter was without incident until January 2020, which is when she disclosed to her supervisor that she was pregnant again, which news was not well received.

14. On or about March 10, 2020, **GRIFFIN**'s mother contacted the Defendant on **GRIFFIN**'s behalf to inquire what its policy was for employees interacting with potential Covid-19 patients due to the ongoing pandemic.

15. The very next day – March 11, 2020 – the Defendant abruptly terminated **GRIFFIN**.

16. The Defendant terminated **GRIFFIN** as a result of pregnancy.

17. The Defendant's tangible, adverse employment actions were causally connected to **GRIFFIN**'s pregnancy.

18. The Defendant intentionally and systematically discriminated against **GRIFFIN** by using her pregnancy as the substantial or motivating factor in the

Defendant's decision not to continue **GRIFFIN**'s employment and terminating her.

19. The Defendant's decision to terminate **GRIFFIN**'s employment violated **GRIFFIN**' rights under the PDA and FCRA.

## COUNT I – VIOLATION OF THE PREGNANCY DISCRIMINATION ACT (PDA)

20. Plaintiff incorporates by reference Paragraphs 1-19 of this Complaint as though fully set forth below.

21. At all material times, **GRIFFIN** was an employee and the Defendant was her employer covered by and within the meaning of the PDA.

22. The Defendant intentionally discriminated against **GRIFFIN** because she was pregnant with regard to the terms and conditions of her employment, whereas other similarly situated non-pregnant employees were given unrestricted brief leave to accommodate their physical incapacity or for no reason at all.

23. The Defendant's employment and disciplinary policies were applied differently to **GRIFFIN** because of her pregnancy.

24. The Defendant intentionally discriminated against **GRIFFIN** by discharging her because she became pregnant.

25. The Defendant acted with malice or reckless indifference to the civil rights of **GRIFFIN**.

26. **GRIFFIN** has exhausted her administrative remedies and this Count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing Defendant to cease and desist from all pregnancy discrimination of all employees;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi. Reasonable attorney's fees plus costs;

vii. Compensatory damages, and;

viii. Such other relief as this Court shall deem appropriate.

## COUNT II – VIOLATION OF THE FCRA- PREGNANCY

27. Plaintiff incorporates by reference Paragraphs 1-19 of this Complaint as though fully set forth below.

28. At all material times, **GRIFFIN** was an employee and the Defendant was her employer covered by and within the meaning of the FCRA.

29. The Defendant intentionally discriminated against **GRIFFIN** because she was pregnant with regard to the terms and conditions of her employment, whereas other similarly situated non-pregnant employees were given unrestricted brief leave to accommodate their physical incapacity or for no reason at all.

30. The Defendant's employment and disciplinary policies were applied differently to **GRIFFIN** because of her pregnancy.

31. The Defendant intentionally discriminated against **GRIFFIN** by discharging her because she became pregnant.

32. The Defendant acted with malice or reckless indifference to the civil rights of **GRIFFIN**.

33. **GRIFFIN** has exhausted her administrative remedies and this Count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing Defendant to cease and desist from all pregnancy discrimination of all employees;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi. Reasonable attorney's fees plus costs;

vii. Compensatory damages, and;

viii. Such other relief as this Court shall deem appropriate.

## DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **MARIAH GRIFFIN**, by and through her undersigned attorney, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: January 20, 2021         **/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiff
Yormak Employment & Disability Law
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com